FILED
SUPERIOR COURT
OF GUAM

2025 NOV 19 PM 4: 46

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TS INVESTMENTS,LLC, | CIVIL CASE NO. CV0352-24 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| MOBIL OIL GUAM INC., | |
| Defendant. | |

## INTRODUCTION

This case presents cross-motions for summary judgment in a dispute over alleged encroachments on land owned by Plaintiff TS Investments, LLC ("TS"). TS seeks partial summary judgment on its trespass claim, asserting that no material facts are in dispute and that Mobil Oil Guam Inc. ("Mobil") is liable as a matter of law. Mobil opposes and moves for summary judgment—or alternatively, partial summary judgment—arguing that TS cannot recover damages for periods prior to acquiring title in April 2022, during third-party possession by Taco Shack, or beyond the five-year statutory limit. TS is represented by Attorney Edwin J. Torres, and Mobil is represented by Attorney Richard L. Johnson. The Court heard oral argument on July 29, 2025. For the reasons below, the Court denies TS's motion, grants Mobil's motion in part, and denies it in part.

## BACKGROUND

This dispute arises from three structures—a pair of light posts and a service-line concrete box—that TS alleges were placed or maintained on its property, Lot 233-1NEW ("the TS Property"), without permission. *See,* Compl., 2 (June 17, 2024). TS claims it discovered the encroachments in 2023 after commissioning a topographical survey. TS moved for partial summary judgment on its trespass claim on January 31, 2025, contending that Mobil intentionally failed to remove the encroachments despite having a duty to do so. *See,* Partial Mot. for Summ. J. on Liability for Claim of Trespass (Jan. 31, 2025). Mobil responded that it had repeatedly offered to remove the structures but that TS refused access unless Mobil agreed to pay money, effectively consenting to their continued presence until the dispute could be resolved. *See,* Def.'s Mot. for Summ. J. (Jan. 31, 2025).

Mobil also sought summary judgment on three issues: (1) TS is not entitled to damages accruing before it acquired title to the property in April 2022; (2) TS cannot recover damages for the period during which Burn Provecho Taco Shack occupied the property; and (3) TS's damages are limited to those incurred within five years preceding the filing of its complaint. *Id.* TS opposed, arguing that Mobil's references to settlement discussions were barred under Guam Rule of Evidence ("GRE") 408 and that damages should not be so restricted. *See,* Opp'n to Def.'s Mot. for Summ. J. (Feb. 28, 2025).

## DISCUSSION

To resolve the parties' cross-motions, the Court first considers TS's motion for summary judgment on liability for trespass and determines whether any genuine issue of material fact precludes judgment. The Court then turns to Mobil's motion and addresses, in order, (1) whether Mobil's references to settlement discussions violate GRE 408; (2) whether TS may recover damages for any period during Taco Shack's occupancy; (3) whether TS may recover

damages for trespass occurring before acquiring title; and (4) whether damages are limited to the five-year statutory period under 20 GCA § 2226.

## I. TS is not entitled to summary judgment on trespass because factual disputes remain.

A trespass occurs when a person intentionally enters or remains on another's land or fails to remove a thing that they are under a duty to remove. *Guerrero v. DLB Constr. Co.*, 1999 Guam 9 ¶ 22. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Hawaiian Rock Prods. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 26. A fact is material if it affects the outcome of the suit under governing law, and a dispute is genuine if a reasonable factfinder could return a verdict for the non-movant. *Id.* at 26–27.

TS argues that Mobil committed trespass as a matter of law because the three structures at issue remain physically situated on its property and Mobil has not removed them. It relies on its 2023 survey and supporting declarations as evidence that Mobil continues to occupy or interfere with the property without consent. Mobil does not dispute that the structures exist or that they are located on TS's land. But Mobil maintains that it has repeatedly offered to remove the structures, and that TS refused access unless Mobil first agreed to pay compensation. That factual disagreement goes to the heart of an essential element of trespass—whether Mobil unlawfully remained on the land or whether TS effectively consented to continued occupation by denying removal.

The Court finds that factual dispute—whether Mobil unlawfully failed to remove the structures or was prevented from doing so by TS—is material to the trespass claim and cannot be resolved by summary judgment.

## II. Mobil's reference to TS's refusal to allow removal does not violate GRE 408.

GRE 408 bars the use of compromise offers or negotiations to prove liability, invalidity, or the amount of a disputed claim, but allows such evidence for other purposes. *Blas v. Cruz,* 2009 Guam 12 ¶ 14.

TS argues that Mobil improperly relied on settlement-related communications when it asserted that TS refused to grant access for structure removal unless Mobil paid compensation. TS characterizes these discussions as compromise negotiations and contends they are inadmissible under GRE 408. But Mobil does not offer these statements to establish liability, invalidate TS's trespass claim, or reduce damages. Instead, Mobil uses them to explain a factual issue central to this dispute—why the structures remain on TS's land despite Mobil's claimed willingness to remove them. That is a permissible purpose under GRE 408.

The Court finds that Mobil's reference to TS's refusal to allow removal does not violate GRE 408.

### III. Genuine issues of material fact preclude summary judgment on damages during Taco Shack's occupancy.

To recover trespass damages, a plaintiff must have held a possessory interest in the property at the time of the alleged intrusion. *McNeill v. Rice Eng'g & Operating, Inc.,* 133 N.M. 804, 70 P.3d 794, 796 (Ct. App. 2003). And summary judgment is inappropriate when the record reveals a factual dispute about a material issue—one that could affect the outcome at trial. *Id.* 26.

Mobil argues that TS cannot recover damages for the period during which Burn Provecho Taco Shack operated on the property because business-license records from the Department of Revenue and Taxation show Taco Shack was licensed to operate there from 2017 through 2024. Mobil contends these records demonstrate that Taco Shack, not TS, held the possessory right during that period. TS disputes that characterization. It maintains that while

Taco Shack conducted business on the land, it did so with TS's permission and not under any leasehold or exclusive possessory interest that displaced TS's control.

The current record does not establish whether Taco Shack occupied the property under a lease, a revocable license, or some other arrangement. Because that distinction determines whether TS retained a sufficient possessory interest to support damages, a genuine dispute of material fact remains.

So summary judgment is inappropriate on this issue.

**IV. TS cannot recover damages for trespass occurring before it acquired title.**

A party may recover for trespass only for interference with its own possessory interest; ownership of property does not transfer previously accrued tort claims. *McNeill,* 70 P.3d at 796.

TS concedes it acquired title to the property in April 2022 but argues that Guam's discovery rule allows recovery for trespass that began earlier if the encroachments were not discovered until after title transfer. But the discovery rule addresses when a cause of action accrues for statute-of-limitations purposes — it does not expand who may bring the claim or retroactively transfer ownership of accrued tort rights. Trespass claims that existed before TS acquired title belonged to the previous landowner, and nothing in the record suggests those claims were assigned to TS.

So even if the encroachments began before 2022 and continued afterward, TS is entitled to recover only for damages sustained during the period it held title and the right to exclusive possession. To award damages for pre-acquisition trespass would improperly compensate TS for harm it did not suffer and to which it held no legal right.

**V. TS's damages are limited to the five years preceding the filing of the complaint.**

Under Guam law, damages for wrongful occupation of real property are statutorily capped. 20 GCA § 2226 provides that the detriment caused "by the wrongful occupation of real property is deemed to be the value of the use of the property for the time of such occupation, not exceeding five (5) years next preceding the commencement of the action or proceeding to enforce the right to damages." This limitation reflects a legislative policy to restrict liability to a defined period and prevent stale claims.

Mobil argues—and the Court agrees—that this provision applies to any trespass damages TS may recover. TS filed its complaint on June 17, 2024, so it may recover damages, if any, only for the period beginning no earlier than June 17, 2019.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff TS Investments, LLC's Partial Motion for Summary Judgment on Liability for Trespass. The Court DENIES Defendant Mobil Oil Guam Inc.'s motion as to damages arising during the Taco Shack occupancy, GRANTS it as to damages accruing before TS acquired title in April 2022, and GRANTS it limiting damages to the five years immediately preceding the filing of the complaint.

**IT IS SO ORDERED** _____NOV 19 2025_____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**